COPY

1  Audra L. Thompson (SBN 218479)
   **DUANE MORRIS** LLP
2  865 S. Figueroa Street, Suite 3100
   Los Angeles, CA  90017-5450
3  Telephone: 213.689.7400
   Facsimile: 213.689.7401
4  E-Mail:     athompson@duanemorris.com

5  Charlotte E. Thomas (*pro hac vice* to be filed)
   Duane Morris LLP
6  30 South 17th Street
   Philadelphia, PA 19103
7  Telephone:  215.979.1000
   Facsimile:  215.979.1020
8  E-Mail:     cthomas@duanemorris.com

9  Attorneys for Plaintiff

10

11          IN THE UNITED STATES DISTRICT COURT

12         FOR THE CENTRAL DISTRICT OF CALIFORNIA

13            WESTERN DIVISION, LOS ANGELES

14

15  MICHAEL F. CONSEDINE, Insurance     )  Case No.:
    Commissioner of the Commonwealth of  )
16  Pennsylvania, acting in his official capacity )  CV12-04568 MWF(Ex)
    as Statutory Liquidator of Legion Insurance  )
17  Company and Villanova Insurance     )
    Company,                            )
18                                      )  **COMPLAINT**
              Plaintiff,                )
19                                      )
         v.                             )
20                                      )
    HRN SERVICES, INC.,                 )
21                                      )
              Defendant.                )
22                                      )
                                        )
23                                      )
                                        )
24                                      )
                                        )
25  _____     )

26      Michael F. Consedine, Insurance Commissioner of the Commonwealth of

27  Pennsylvania, acting in his official capacity as Statutory Liquidator of Legion

28

DM1\3304600.2 F1883/00096

FILED
CLERK, U.S. DISTRICT COURT

MAY 2 4 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

Insurance Company and Villanova Insurance Company (the "Liquidator"), by way of complaint against Defendant HRN Services, Inc. ("HRN"), avers as follows:

## DESCRIPTION OF ACTION

1.      In this action, the Liquidator seeks recovery in excess of $500,000 in large deductible reimbursements due to Legion Insurance Company ("Legion") and Villanova Insurance Company ("Villanova") as well as final audited premium due under insurance policies issued by Legion and Villanova which HRN has refused to pay.

## PARTIES

2.      Plaintiff is the Statutory Liquidator of Legion and Villanova pursuant to the Pennsylvania Insurance Department Act and the Orders of the Commonwealth Court of Pennsylvania dated July 25, 2003.  Pursuant to that Act and Orders, Plaintiff is authorized to pursue all claims belonging to Legion and Villanova, for the benefit of the policyholders, creditors, and the liquidation estates of Legion and Villanova.

3.      Upon information and belief, Defendant HRN is a corporation organized under the laws of the state of California, is qualified to do business in California and has a principal place of business at 520 North Brand Blvd, Suite 200, Glendale, CA 91356.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) in that the Defendant resides or does business in this judicial district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

DM1\3304600.2 F1883/00096

# FACTUAL BACKGROUND

## HRN's Insurance Program

6.     Legion and Villanova issued insurance policies to HRN including, without limitation, WC1-1650259 (effective 4/1/01 to 4/1/02), and WC1-1964654 (effective 4/1/02 to 4/1/03) (the "Policies"). The Policy forms are attached hereto as Exhibits A and B.

7.     Each of the Policies had a so-called Large Deductible Endorsement.

8.     The Large Deductible Endorsement in the Policies provided that payments would be made on behalf of HRN up to policy limits and that HRN would reimburse Legion and Villanova for amounts paid on HRN's behalf as prescribed by the Endorsement.

9.     The amount of the Large Deductible Cap was $250,000 per occurrence, but ALAE above the Deductible Cap was to be split.

10.     The Large Deductible Endorsement treated the payment of benefits, damages, expenses, and other amounts as an advancement of funds on the insured's behalf and created "a legal obligation for reimbursement."

11.     Although the Policies were collateralized pursuant to one or more Deductible Reimbursement Policies issued by Mutual Indemnity (Bermuda) Ltd., the Liquidator has been advised that the collateral has been exhausted.

## The Appointment of the Liquidator

12.     On March 28, 2002, the Commonwealth Court of Pennsylvania issued orders placing Legion and Villanova in rehabilitation and appointing Plaintiff as Rehabilitator. A copy of the Rehabilitation Orders for Legion and Villanova are attached hereto as Exhibits C and D, respectively.

13.     On July 25, 2003, the Commonwealth Court entered orders placing Legion and Villanova in liquidation and appointing the Insurance Commissioner of

DM1\3304600.2 F1883/00096

the Commonwealth of Pennsylvania as Liquidator.  A copy of the Liquidation Orders for Legion and Villanova are attached hereto as Exhibits E and F, respectively.

### Damages

14.     Funds have been advanced on behalf of HRN to pay covered benefits, damages, and expenses by Legion and Villanova, and/or other entities authorized to administer Legion and Villanova claims, which the Liquidator is entitled to reimbursement under the Policies.

15.     The amount sought in reimbursements from HRN exceeds the sum of $500,000.

16.     Defendant also owes the Liquidator for final audited premium on the Policies.

17.     After written demand, HRN has refused to pay or otherwise reimburse amounts due under the Policies.

18.     The Liquidator is authorized to and has the duty to seek reimbursement of amounts paid on behalf of the HRN under the Policies from the HRN under 40 Pa. Stat. § 221.23a.

### COUNT I

### (Reimbursement)

19.     The Liquidator alleges the contents of each of the preceding paragraphs as if fully set forth herein.

20.     The Large Deductible Endorsement in the Policies created a legal obligation of reimbursement for payments for covered benefits, damages, expenses, and other amounts made on HRN's behalf.

21.     The Liquidator is entitled to recover under the legal theory of contractual or quasi-contractual reimbursement all amounts due as reimbursements under the Policies.

COMPLAINT

DM1\3304600.2 F1883/00096

1     **WHEREFORE,** Plaintiff Michael F. Consedine, Insurance Commissioner for

2 the Commonwealth of Pennsylvania, acting in his official capacity as Statutory

3 Liquidator of Legion Insurance Company and Villanova Insurance Company,

4 respectfully requests that this Court enter judgment against HRN Services, Inc. in an

5 amount in excess of $500,000, plus interest, costs, and attorneys' fees.

## COUNT II

### (Claim for Breach of Contract)

8     22.    The Liquidator alleges the contents of each of the preceding paragraphs

9 as if fully set forth herein.

10     23.    The Policies are valid and binding contracts.

11     24.    Legion and Villanova, and/or other entities authorized to administer

12 Legion and Villanova claims, made advances on behalf of HRN that are subject to

13 reimbursement under the Policies.

14     25.    The Liquidator has made demand that HRN reimburse the amounts

15 advanced, but HRN has failed to reimburse and failed to pay premium, thereby

16 breaching its contracts with Legion and Villanova.

17     26.    As a result of HRN's breaches of contract damages have been suffered in

18 an amount in excess of $500,000.

19     **WHEREFORE,** Plaintiff Michael F. Consedine, Insurance Commissioner for

20 the Commonwealth of Pennsylvania, acting in his official capacity as Statutory

21 Liquidator of Legion Insurance Company and Villanova Insurance Company,

22 respectfully requests that this Court enter judgment against HRN Services, Inc. in an

23 amount in excess of $500,000, plus interest, costs, and attorneys' fees.

## COUNT III

### (Open Book Account)

26     27.    The Liquidator alleges the contents of each of the preceding paragraphs

27 as if fully set forth herein.

28

5

COMPLAINT

28.     Legion and/or Villanova and HRN had a financial transaction or transactions.

29.     The Liquidator kept and keeps an account or accounts of the debits and credits involved in the financial transaction or transactions.

30.     HRN owes the Liquidator in excess of $500,000 on the account or accounts.

**WHEREFORE,** Plaintiff Michael F. Consedine, Insurance Commissioner for the Commonwealth of Pennsylvania, acting in his official capacity as Statutory Liquidator of Legion Insurance Company and Villanova Insurance Company, respectfully requests that this Court enter judgment against HRN Services, Inc. in an amount in excess of $500,000, plus interest, costs, and attorneys' fees.

## COUNT IV

### (Equitable Subrogation)

31.     The Liquidator alleges the contents of each of the preceding paragraphs as if fully set forth herein.

32.     Funds have been advanced on behalf of HRN to pay covered benefits, damages, premium, expenses, and other amounts by Legion and Villanova, and/or other entities authorized to administer Legion and Villanova claims.

33.     As such, the obligations of HRN were discharged by Legion and Villanova, and/or other entities authorized to administer Legion and Villanova claims.

34.     The Liquidator is entitled to recover premium and the amounts paid subject to reimbursement under the Policies under the theory of equitable subrogation.

**WHEREFORE,** Plaintiff Michael F. Consedine, Insurance Commissioner for the Commonwealth of Pennsylvania, acting in his official capacity as Statutory Liquidator of Legion Insurance Company and Villanova Insurance Company, respectfully requests that this Court enter judgment against HRN Services, Inc. in excess of $500,000, plus interest, costs, and attorneys' fees.

6

COMPLAINT

DM1\3304600.2 F1883/00096

## COUNT V

### (Restitution/Unjust Enrichment)

35.   The Liquidator alleges the contents of each of the preceding paragraphs as if fully set forth herein.

36.   Funds have been advanced under the Policies on behalf of HRN to pay covered benefits, damages, premium, expenses, and other amounts by Legion and Villanova, and/or other entities authorized to administer Legion and Villanova claims.

37.   Since the parties intended that HRN would reimburse and pay Legion and Villanova for amounts subject to reimbursement under the Policies, it would be inequitable and unconscionable for HRN to avoid reimbursing the Liquidator.

38.   Accordingly, the Liquidator is entitled to recover these amounts under the equitable theories of restitution and unjust enrichment.

**WHEREFORE,** Plaintiff Michael F. Consedine, Insurance Commissioner for the Commonwealth of Pennsylvania, acting in his official capacity as Statutory Liquidator of Legion Insurance Company and Villanova Insurance Company, respectfully requests that this Court enter judgment against HRN Services Inc. in excess of $500,000, plus interest, costs and attorneys' fees.

Dated:   May 24, 2012

**DUANE MORRIS** LLP

By: _____
Audra L. Thompson
Attorneys for Plaintiff, Michael F. Consedine,
Insurance Commissioner of the Commonwealth
of Pennsylvania, acting in his official capacity
as Statutory Liquidator of Legion Insurance
Company and Villanova Insurance Company

OF COUNSEL

Charlotte E. Thomas (*pro hac vice* to be filed)
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103
Telephone: 215.979.1000
Facsimile: 215.979.1020
E-Mail:    cthomas@duanemorris.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Michael Fitzgerald and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

### CV12- 4568 MWF (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Audra L. Thompson (SBN 218479)
DUANE MORRIS LLP
865 S. Figueroa Street, Suite 3100
Los Angeles, CA 90017-5450
Telephone: (213) 689-7400
Facsimile: (213) 689-7401
E-mail: AThompson@duanemorris.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MICHAEL F. CONSEDINE, Insurance Commissioner of the Commonwealth of Pennsylvania, acting in his official capacity as Statutory Liquidator of Legion Insurance Company and Villanova Insurance Company,

PLAINTIFF(S)

v.

HRN SERVICES, INC.,

DEFENDANT(S).

CASE NUMBER

CV12-04568 MWF(Ex)

**SUMMONS**

TO:   DEFENDANT(S):  HRN SERVICES, INC.

A lawsuit has been filed against you.

Within    21    days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Audra L. Thompson_, whose address is _865 S. Figueroa Street, Suite 3100, Los Angeles, CA  90017-5450._ If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

MAY 2 4 2012

Dated: _____

Clerk, U.S. District Court

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                    **SUMMONS**



## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

MICHAEL F. CONSEDINE, Insurance Commissioner of the Commonwealth of Pennsylvania, acting in his official capacity as Statutory Liquidator of Legion Insurance Company and Villanova Insurance Company,

**DEFENDANTS**

HNR SERVICES, INC.

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Andra L. Thompson (SBN 218479)
Duane Morris LLP
865 S. Figueroa Street, Suite 3100
Los Angeles, CA 90017-5450
Tel.: (213) 689-7400   Fax: (213) 689 7401

Attorneys (If Known)

Jon M. Leader
Leader Counsel
1990 S. Bundy Drive, #390
Los Angeles, CA 90025
Tel.: (310) 696-3300

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No       ☒ **MONEY DEMANDED IN COMPLAINT:** $ 500,000.00 int., costs & fees

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Breach of Insurance Contract

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☒ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 61 HIA (1395ff) |
| ☐ 891 Agricultural Act | **REAL PROPERTY** | | ☐ 445 American with Disabilities – Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**   Case Number: ___   CV12-04568

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                          CIVIL COVER SHEET

American LegalNet, Inc.
www.FormsWorkflow.com

Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Pennsylvania |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date May 24, 2012

Audra L. Thompson

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com