UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV-12-4568-MWF-(Ex) | Date:  January 16, 2014 |
| Title:  Michael F. Consedine -v- HRN Services, et al. | |

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER RE MOTIONS IN LIMINE [44], [45]

This matter is before the Court on Plaintiff Michael F. Consedine, as Statutory Liquidator of Legion Insurance Company ("Legion") and Villanova Insurance Company (the "Liquidator")'s Motions in Limine Nos. 1 and 2 (collectively the "Motions"). (Docket Nos. 44, 45).

**Plaintiff's Motion in Limine No. 1 to Exclude Speculative Testimony and Limit Opinions of Defense Expert Phil Neal Walker**

The Liquidator requests that the Court limit the testimony of defense expert Phil Walker. The Motion is **GRANTED IN PART and DENIED IN PART**.

Mr. Walker is a California workers' compensation insurance specialist with over 30 years' experience. (Opp. at 2). Defendant HRN Services, Inc. ("HRN") intends to present Mr. Walker's testimony "about the invalidity of Legion's claim for reimbursement, claims handling requirements of insurance companies and this impact of the claims handling upon HRN when the Liquidator took over, HRN's obligation, if any, to make payments, and the inability to ascertain the basis for Plaintiff's claims for payment." (*Id.*).

The Liquidator does not dispute that Mr. Walker is qualified to testify as an expert on workers' compensation issues. Accordingly, Mr. Walker will be permitted to testify. The Liquidator only seeks an order (a) preventing Mr. Walker from opining on the law; (b) excluding speculative testimony regarding the amount of loss from alleged negligent claims handling; (c) excluding testimony on any pre-liquidation breach of

| | |
|---|---|
| **CRIMINAL MINUTES—GENERAL** | 1 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES—GENERAL

| | |
|---|---|
| **Case No.**  CV-12-4568-MWF-(Ex) | **Date:**  January 16, 2014 |
| **Title:**     Michael F. Consedine -*v*- HRN Services, et al. | |

claims handling duties; and (d) excluding testimony on the Liquidator's release of its claims against HRN.

*Legal opinions.*  As a general rule, "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."  Fed. R. Evid. 704(a).  "That said, an expert witness cannot give an opinion as to her legal conclusion, *i.e.*, an opinion on an ultimate issue of law.  Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court."  *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (citations and internal quotation marks omitted); *see also* Fed. R. Evid. 702 (requiring that expert opinion evidence "assist the trier of fact to understand the evidence or to determine a fact in issue").

Pursuant to well-established Ninth Circuit precedent, Mr. Walker will be permitted to testify to matters touching the ultimate issues of the case.  He will not, however, be permitted to frame his answers in the form of legal conclusions.  The Liquidator must be prepared to make any necessary objections at trial.

*Amount of loss from negligent claims handling.*  As HRN points out in its Opposition, the precise monetary amount of loss claimed as a result of negligent claims handling is not at issue.  HRN's claim is only that the Liquidator's deficient claims handling relieves HRN of its obligation to reimburse deductibles.  Because the Court granted summary judgment on HRN's negligent claims handling defense (Docket No. 61), Mr. Walker will not be permitted to testify as to why the Liquidator's claims handling was deficient.

*Pre-liquidation negligent claims handling.*  HRN admits that its defense based on claims handling arose after the Liquidator took control of Legion.  (Opp. at 9).  Accordingly, pre-liquidation negligent claims handling is irrelevant.  Mr. Walker will not be permitted to discuss any purported negligent claims handling occurring before liquidation.

*Release*.  The parties agree that Mr. Walker will not be permitted to testify as to whether Legion's claims are the subject of a release.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES—GENERAL

Case No.  CV-12-4568-MWF-(Ex)               Date:  January 16, 2014

Title:      Michael F. Consedine -v- HRN Services, et al.

**Plaintiff's Motion in Limine No. 2 to Exclude References to the Cause of the Legion Liquidation**

    The Liquidator requests an order excluding evidence describing the cause of the Legion liquidation as being related to mismanagement.  (Mot. at 3).  HRN does not oppose the Motion, but wishes to reserve the right to comment on any exhibits relating to the liquidation that may be admitted into evidence.

    The Motion is **GRANTED**.  Evidence, testimony, argument, or reference to the cause of Legion's liquidation being the result of mismanagement will be excluded, but this Order will not limit HRN's ability to comment on or introduce any otherwise admissible evidence relating to the Liquidator's exhibits.  If the Liquidator believes that such argument or evidence should be excluded under either Rules 401 or 403 of the Federal Rule of Evidence, it should make the relevant objections at trial.

    IT IS SO ORDERED.